Anthony S. CARDENAS, Plaintiff,

v.

Harry N. WALTERS, Administrator of the Veterans Administration, Defendant.

Civ. A. No. 85–1262.

United States District Court, W.D. Pennsylvania.

Nov. 26, 1985.

John Gibson, Pittsburgh, Pa., for plaintiff.

Barbara Carlin, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Plaintiff, a former Wage Grade 9 plumber at the Veterans Administration Medical Center in Pittsburgh, Pennsylvania, requests this court to implement a recommended decision of an Equal Employment Opportunity Commission (EEOC) complaints examiner. The examiner concluded that plaintiff was discharged by the Veterans Administration because of his national origin or association with black workers. Plaintiff asserts that a rejection of the examiner's recommended decision by the Veterans Administration was not timely under agency regulations and moves for summary judgment. Defendant also moves for summary judgment on the basis that, as a matter of law, plaintiff cannot prove that he was not discharged for legitimate, nondiscriminatory reasons. Because we find that defendant did not reject the examiner's recommended decision within the time period set forth in its regulations, we shall grant plaintiff's motion and deny defendant's motion.

### I. *History of Case*

Plaintiff received a letter of termination, effective May 17, 1979, informing him that his job performance as a WG–9 plumber in the engineering service at the Veterans

Administration Medical Center was unsatisfactory. The agency alleged that plaintiff frequently left the worksite, took too long to complete projects and performed substandard work. Plaintiff filed a complaint with the EEOC, alleging that his termination was based on his Hispanic national origin and the fact that he defended black co-workers from abuse by his supervisor.

An EEOC complaints examiner held a hearing in late summer 1982. His opinion, issued on January 11, 1983, concluded that plaintiff is a member of a protected group, that plaintiff was performing as well as other members of the plumbing shop, that plaintiff's supervisor (who once called plaintiff a "greasy wetback") evaluated plaintiff with prejudiced eyes, and that the supervisor's animus was passed along to the shop's head supervisor, who terminated plaintiff's employment. The examiner recommended that plaintiff be given a probationary period with appropriate back pay and reasonable attorney's fees. It was recommended that full back pay not be granted unless plaintiff can substantiate his claim that he was unable to secure employment since May 1979.

After reviewing the recommended decision, the Veterans Administration Office of General Counsel issued the agency's final decision on February 14, 1983. The agency found that the complaint examiner's findings of fact were erroneous and that his conclusions were incorrect.

Plaintiff then filed an appeal with the EEOC Office of Review and Appeals. On April 24, 1985, the EEOC issued its final decision affirming the agency's decision. On July 15, 1985, the instant suit was filed.

In discovery, plaintiff learned that the complaints examiner's recommended decision was received by the Veterans Administration's mail and messenger division on January 14, 1983. Noting that the agency's rejection of the recommended decision was not issued until February 14, 1983, thirty-one days after receipt, plaintiff moved for summary judgment on the basis that any agency decision more than 30 days after submission of the examiner's recommended decision is a nullity.

## II. *Discussion*

Titled, "Avoidance of Delay," 29 C.F.R. § 1613.220(d) provides that a complaints examiner's recommended decision shall become binding on the agency unless the agency issues a final decision within 30 calendar days of the date the recommended decision is "submitted." The purpose of this regulation "is manifestly to ensure that complaints are promptly resolved. Converting an adverse 'recommendation' into a final decision after a specified period of time is simply a means to ensure that the agency will not stall resolution of the appeal and ultimate implementation of remedial action." *Pearch v. Pierce*, 31 F.E.P. Cases 1403, 1405 (D.C.D.C.1984).

The 30-day clock begins to run when the recommended decision is "submitted," according to the regulation. The date of submission has been interpreted consistently by the agency as the date the recommendation is received by the reviewing agency. As the court stated in *Marizan v. E.E.O.C.*, 33 F.E.P. Cases 1833, 1835 (D.C.D.C.1984): "Section 1613.220(d) does not clearly state that a recommended decision is automatically and contemporaneously submitted to the (agency) when it leaves the hands of the complaints examiner." The court held that the agency's interpretation of the date of submission as the date of receipt is a reasonable interpretation of its own regulation and should be accorded deference. *See United States v. Larionoff*, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977).

In the instant case, defendant argues that the date of receipt is January 17, 1983, the date the recommended decision was "logged-in" at the Veterans Administration Office of General Counsel. Defendant asserts that the date of receipt is not January 14, 1983, the date a certified mail receipt indicates that the decision arrived at the Veterans Administration building.

■ While deference must be given to an agency's interpretation of its own regulations, such interpretation cannot be upheld if it flies in the face of the regulation's

intent or if it is plainly erroneous or inconsistent with the wording of the regulations. *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945); *Beatty v. Schweiker,* 678 F.2d 359, 360 (3d Cir.1982). Government agencies must abide by the spirit and intent of their own published regulations. *Griffin v. Harris,* 571 F.2d 767 (3d Cir.1978). We find the agency's refusal to acknowledge that the recommended decision was received on January 14, 1983, to be inconsistent with 29 C.F.R. § 1613.220(d), whose stated purpose is "Avoidance of Delay" in processing complaints.

First, the record conclusively shows that 31 days elapsed between the time the Veterans Administration received the recommended decision and the time the agency issued its rejection. If any mishandling or misrouting of the decision occurred, it did so within the confines of the Veterans Administration building. Exhibit 1 to plaintiff's motion, a certified copy of a receipt for certified mail, indicates that the recommended decision was mailed to "Assistant General Counsel" at the Veterans Administration Building in Washington, D.C., on January 11, 1983, and that the agency's mail department stamped the receipt on January 14, 1983. Defendant has presented no evidence to the contrary. Whether the mail department delivered the decision to the Office of General Counsel that day or the following Monday (January 17), when it was logged in, is not relevant to the question of receipt by the agency. The regulation's intent is avoidance of delay *by the agency.* The agency's inter-office delay is no defense. As stated in 29 C.F.R. § 1613.220(a): "The complaint shall be resolved promptly. To this end, both the complainant *and the agency* shall proceed with the complaint without undue delay...." (Emphasis added.) Defendant's position that the recommended decision may languish in the agency's mail room before the 30-day clock starts is an untenable, unreasonable and erroneous interpretation of its own regulations.

Second, defendant has produced no evidence through depositions, interrogatories, admissions or affidavits that the recommended decision was not received by the agency on January 14, 1983. Defendant has decided to rest on the allegations and denials of its answer. Under Fed.R.Civ.P. 56(e), when a motion for summary judgment is made and is supported by affidavits and other discovery evidence, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Plaintiff's exhibits, a certified mail receipt obtained through discovery and an affidavit by the chief of the agency's mail department, show that more than 30 days elapsed between the time the agency received the recommended decision and issued its rejection. This documentary evidence stands unrebutted by any discovery evidence or affidavits submitted by defendant. Although the burden of proof rests initially with the party moving for summary judgment, when a motion is made and supported, the nonmoving party must produce specific facts showing a genuine issue for trial, rather than resting upon the assertions of its pleading. *Jersey Central Power & Light Co. v. Lacey,* 772 F.2d 1103, 1109 (3d Cir.1985). Denials in the form of legal conclusions, unsupported by documentation of specific facts, are insufficient to create issues of material fact that would preclude summary judgment. *Id.* at 1110; *S.E.C. v. Bonastia,* 614 F.2d 908, 914 (3d Cir.1980).

### III. *Summary*

Because 29 C.F.R. § 1613.220(d) required the Veterans Administration to issue any rejection of the complaints examiner's recommended decision within 30 days of its receipt by the agency, we find that the purported rejection issued by the agency thirty-one days after the recommended decision was received at the agency's mail room to be a nullity. We shall grant plain-

tiff's motion for summary judgment and order the implementation of the complaints examiner's recommended relief.

Due to the resolution of plaintiff's motion, we shall deny defendant's motion for summary judgment.